**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000048
24-APR-2024
07:57 AM
Dkt. 184 SO**

NO. CAAP-19-0000048


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


ROMSPEN INVESTMENT CORPORATION,
an Ontario Corporation, Plaintiff-Appellee, v.
L & E RANCH LLC, a Hawaiʻi limited liability company,
Defendant-Appellant, and HUGH JOHN COFLIN;
JANET DAWN STEPHENSON COFLIN;
THE BANK OF NEW YORK MELLON, a New York Corporation;
DEPARTMENT OF TAXATION, STATE OF HAWAIʻI; JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION; TERRY LYNNE OHARA MOSELEY;
ASSOCIATION OF APARTMENT OWNERS OF KAI MALU AT WAILEA;
ASSOCIATION OF APARTMENT OWNERS OF WAILEA FAIRWAY VILLAS;
ASSOCIATION OF APARTMENT OWNERS OF MAKENA SURF;
DEAN S. ARASHIRO; MARGARET C. GARCIA;
MARGARET C. GARCIA, DDS, INC.; DEAN S. ARASHIRO, DDS, MS, LTD.;
MAUI MIAMI AUMAKA PARTNERS LIMITED PARTNERSHIP,
Defendants-Appellees, and
JOHN DOES 2-50; JANE DOES 2-50; DOE PARTNERSHIPS 2-50;
DOE CORPORATIONS 2-50; DOE ENTITIES 2-50 and
DOE GOVERNMENTAL UNITS 1-50, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 2CC161000470)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Nakasone and McCullen, JJ.)

Defendant-Appellant L&E Ranch LLC (**L&E Ranch**) appeals from the Circuit Court of the Second Circuit's:[1] (1) November 2, 2018 Order Granting Motion for Order Approving Report of Commissioner, Confirming Sale of Real Property at Public Auction, Directing Distribution of Proceeds, and for Issuance of a Writ of Possession Filed on August 2, 2018 (**Order Confirming Sale**); (2) November 23, 2018 Judgment on Order Confirming Sale (**Judgment**); and (3) February 5, 2019 denial of L&E Ranch's Nonhearing Motion for Rehearing/Reconsideration.

L&E Ranch raises two points of error, contending the circuit court abused its discretion when it confirmed the foreclosure auction sale of two of its real properties (together, **Ranch Property**) to Plaintiff-Appellee Romspen Investment Corporation (**Romspen**) because: (1) the bid price from Romspen was so low that it shocks the conscience; and (2) the circuit court did not hold an evidentiary hearing to determine the fair market value of the Ranch Property.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

_____

[1] The Honorable Rhonda I.L. Loo presided.

the issues raised and the arguments advanced, we resolve the points of error[2] as discussed below, and affirm.

**(1)** L&E Ranch contends the bid price of $15,300,000.00 shocks the conscience because the Ranch Property was appraised at $34 million in 2014 and $48 million in 2017, and it says it received purchase offers for $22 million, $31 million, and $32 million for the Ranch Property from other parties.

A mortgagee is not required to obtain fair market value when foreclosing on real property.  See Hungate v. Law Off. of David B. Rosen, 139 Hawaiʻi 394, 408-09, 391 P.3d 1, 15-16 (2017) (discussing nonjudicial foreclosures and recognizing that foreclosure sales commonly fail to produce fair market value bids), abrogated on other grounds by State ex rel. Shikada v. Bristol-Myers Squibb Co., 152 Hawaiʻi 418, 446, 526 P.3d 395, 423 (2023); see also Wodehouse v. Hawaiian Tr. Co., 32 Haw. 835, 852 (Haw. Terr. 1933) (stating that courts may refuse to confirm a foreclosure bid that is "grossly inadequate") (emphasis added).

During a related federal bankruptcy proceeding, the Bankruptcy Court reviewed the offers (including the $31 million offer) L&E Ranch received prior to the hearing on the motion to confirm sale and noted "none of these offers is a firm, binding

---

[2]  We do not address arguments not raised as a point of error.  See Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4).

commitment." In lifting a stay of the foreclosure proceedings in this case, the Bankruptcy Court ordered that the sale confirmation hearing could not be held prior to September 4, 2018, noting if L&E Ranch "can't bring one of these transactions together in that period of time, then it's not going to happen." L&E Ranch does not assert it had a buyer at the time of the sale confirmation hearing held September 6, 2018.

Moreover, there was other evidence of the Ranch Property's value. The Commissioner's Report stated "public records indicate that the 'market value' for Parcel First is $8,538[,]900.00, the 'agricultural land value' for Parcel First is $87,100.00 and the tax assessed value (2018) for Parcel First is $87,100.00." The Commissioner's Report also stated "public records indicate that the 'market value' for Parcel Second is $6,723,300.00, the 'agricultural land value' for Parcel Second is $150,200.00 and the tax assessed value (2018) for Parcel [Second] is $150,200.00" In sum, according to the Commissioner's Report, the market value for the Ranch Property totaled $15,262,200.00. No objections to the Commissioner's Report were filed, and the circuit court "ratified, approved and confirmed" the Commissioner's Report.

When considering L&E Ranch's inability to find a buyer (even at $22 million) and public records indicating the 2018

"market value" was $15,262,200.00, we cannot say that the $15,300,000.00 sales price shocks the conscience.  The circuit court therefore did not abuse its discretion when confirming the foreclosure sale.

**(2)**   L&E Ranch contends the circuit court abused its discretion "by refusing to hold an evidentiary hearing to determine the true value of the subject property, allowing Romspen to foreclose on additional collateral[.]"

In HawaiiUSA Federal Credit Union v. Monalim, the Hawaiʻi Supreme Court adopted a new rule that a deficiency judgment debtor may request a hearing to determine the fair market value of the foreclosed property as of the date of the foreclosure sale.  147 Hawaiʻi 33, 36, 47-49, 464 P.3d 821, 824, 835-37 (2020).  The deficiency judgment is to be determined by subtracting the greater of the fair market value or confirmed bid price of the property from amounts owed by the debtor.  Id. at 46-49, 464 P.3d at 834-37.  This new rule, however, applied prospectively and "applie[d] only to foreclosure cases in which a deficiency judgment is first entered after the date of this opinion."  Id. at 54, 464 P.3d at 842.

As L&E Ranch recognized in its opening brief, Hawaiʻi precedent when the circuit court confirmed the sale did not require a fair market value determination hearing and, thus, we

5

conclude the circuit court did not disregard rules or principles of law by omitting one here. Notwithstanding Romspen's argument to the contrary, the circuit court's Order Confirming Sale did not establish a deficiency judgment or determine a "formula" for determining a deficiency amount.[3]

Based on the foregoing, we affirm the circuit court's (1) November 2, 2018 Order Confirming Sale; (2) November 23, 2018 Judgment; and (3) February 5, 2019 denial of L&E Ranch's motion for reconsideration.

DATED: Honolulu, Hawaiʻi, April 24, 2024.

On the briefs:

Frederick J. Arensmeyer,
for Defendant-Appellant.

D. Scott MacKinnon,
Marguerite S.N. Fujie,
(McCorriston Miller Mukai
MacKinnon)
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

---

[3] We reject Romspen's argument that the circuit court's July 25, 2017 order precludes a fair value hearing in conjunction with a determination of a deficiency judgment.